IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-11233
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DYANNE FAYE JONES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:94-CR-362-X
- - - - - - - - - -
October 29, 1997

Before WISDOM, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Before the Court is Dyanne Faye Jones's appeal from her guilty plea to the charge of conspiracy to distribute cocaine and her sentence of 51 months imprisonment, followed by 5 years of supervised release. Her Court-appointed counsel, George W. Lang, II, has filed a motion to withdraw as counsel in this case along with an accompanying brief as required by Anders v. California, 386 U.S. 738 (1967). Jones was given an opportunity to respond

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to counsel's brief and to call the Court's attention to any meritorious issues for appeal. She did not file an answer. Our independent review of counsel's brief and the record discloses no non-frivolous issues for appeal.

The district court complied with Fed. R. Crim. P. 11 in accepting Jones's guilty plea. The record shows that Jones was competent to enter a plea and that she did so voluntarily, with an understanding of the rights she surrendered by pleading guilty. See Boykin v. Alabama, 395 U.S. 238, 242-4 (1969). As part of her plea, Jones waived her right to appeal her plea and sentence except for a few limited exceptions which are not present in this case. The district court did not sentence Jones above the statutory maximum of 40 years, nor did the court depart upwards from the sentencing guideline range of 57-71 months for this offense.[1] Finally, the current state of the record on this direct appeal does not show that Jones received ineffective assistance of counsel.

We find no non-frivolous issues presented in this appeal. Accordingly, court-appointed counsel's motion to withdraw is GRANTED and Jones's APPEAL IS DISMISSED. See 5th Cir. R. 42.2.

---

[1] In fact, Jones received a downward departure from the sentencing guideline range due to her cooperation with the government.